IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MARIO L. GORDON,                :
                                :
        Petitioner              :
                                :
    v.                          :   CIVIL NO. 3:CV-12-375
                                :
WARDEN B. A. BLEDSOE,           :   (Judge Conaboy)
                                :
        Respondent              :
_____

## MEMORANDUM
### Background

Mario L. Gordon, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Named as Respondent is USP-Lewisburg Warden B. A. Bledsoe. Service of the petition was previously ordered.

It is undisputed that while confined at USP-Lewisburg, Gordon was issued an incident report by Correctional Officer S. Hoffa on August 4, 2011 which charged him with threatening and refusing to obey an order.[1] A disciplinary hearing was conducted on September 20, 2011 at which Gordon was found guilty of both charges and given institutional sanctions including a loss of good conduct time.

Petitioner's pending action asserts that the charges were

---

[1] Incident Report # 2198277. See Doc. 9-1, Attachment B.

1

falsified and only issued to justify his placement in ambulatory restraints. The Petition next claims that when a USP-Lewisburg prisoner refuses to accept an incompatible cellmate, prison officials routinely issue the offending inmate a falsified incident report which accuses that prisoner of threatening someone. Gordon further contends that CO Hoffa's testimony at his disciplinary hearing differed from Hoffa's earlier description of the events at issue. See Doc. 1, p. 2. However, the presiding Disciplinary Hearing Officer (DHO) was allegedly biased because he refused to review the written conflicting versions provided by Hoffa when Petitioner presented those documents during the course of his misconduct hearing.

A response to the Petition asserts that Petitioner is not entitled to federal habeas corpus relief because he failed to fully exhaust his available administrative remedies and Gordon's due process rights were not violated during the challenged disciplinary proceedings. See Doc. 9, p. 2.

## **Discussion**

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in

prison. Preiser v. Rodriguez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir. 1993). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). Since it is undisputed that Gordon was sanctioned to a loss of good time credits which adversely affected the duration of his ongoing federal confinement, his present allegations are appropriate for federal habeas corpus review.

**Exhaustion**

It is well established that a federal prisoner must exhaust available administrative remedies before seeking habeas corpus relief in federal court. Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996); Ridley v. Smith, 179 Fed. Appx. 109, 111 (3d Cir. 2006). A party is required to exhaust administrative remedies before seeking relief in federal court unless Congress has indicated to the contrary or the available administrative remedies are inherently inadequate. Young v. Quinlan, 960 F.2d 351, 356 (3d Cir. 1992). However, the administrative exhaustion requirement may be excused if an attempt to obtain relief would be futile or where the purposes of exhaustion would not be served. See Cerverizzo v. Yost, 380 Fed. Appx. 115, 116 (3d Cir. 2010).

In a subsequent ruling, the Court of Appeals for the Third Circuit affirmed the dismissal of a § 2241 petition that had been filed before administrative remedies had been exhausted. Ridley v. Smith, 179 Fed. Appx. 109, 111 (3d Cir. 2006). Unless it would be futile to pursue administrative remedies, courts have rejected attempts to obtain judicial relief by prisoners who have disregarded the administrative remedy process. See Ramsey v. United States, No. Civ. 1:CV-05-1476, 2006 WL 1412767 at *1 (M.D. Pa. May 22, 2006)(Caldwell, J.); Porte v. Warden, FCI-Allenwood, No. Civ. 4:CV-04-1534, 2006 WL 47654 at *3-5 (M.D. Pa. Jan. 9, 2006)(Jones, J.); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion is only excused where pursuit of administrative remedies would be futile, the agency's actions clearly and unambiguously violate statutory or constitutional rights, or the administrative procedures would be inadequate to prevent irreparable harm).

The Federal Bureau of Prisons (BOP) has a well established Administrative Remedy Program whereby a federal prisoner may seek review of any aspect of his imprisonment including appeals from adverse disciplinary hearing decisions. See 28 C.F.R. §§ 542.10-542.19. With respect to disciplinary hearing decision appeals, a BOP inmate can initiate the first step of the administrative review process by filing a direct written appeal

4

(thus bypassing the institutional level of review) to the BOP's Regional Director within twenty (20) days after receiving the DHO's written report. See 28 C.F.R. § 542.15(a).

If not satisfied with the Regional Director's response, a Central Office Appeal may than be filed with the BOP's Office of General Counsel. This is the prisoner's final available administrative appeal. Additionally, if the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.

Petitioner asserts that he satisfied the administrative exhaustion requirement in that he submitted a final administrative appeal to the BOP's Central Office which was not answered within the required time period. See Doc. 1, p. 2.

Respondent concedes that Gordon correctly filed an appeal from the DHO's decision with the Regional Director which was denied. However, Respondent asserts that Petitioner did not appeal that denial to the Office of General Counsel and therefore failed to satisfy the exhaustion of administrative remedies requirement.

In support of the non-exhaustion argument, Respondent has submitted a declaration under penalty of perjury by USP-Lewisburg Attorney Advisor Michael Romano. Attached to Romano's

5

declaration are documents which are described as being copies of the BOP's computerized records regarding Petitioner's utilization of administrative remedies. According to Respondent, those computerized records indicate that a final administrative appeal was not received by the Central Office. See Doc. 9-1, Exhibit C, pp. 11-13.

In a reply, Petitioner solely asserts that the supporting records submitted by Respondent include receipts (#666257 R1 & #666257 A1) which are the receipts for his Regional and Central Office appeals. See Doc. 14, p. 2. Accordingly, based upon those entries, Petitioner concludes that he satisfied the exhaustion requirement.

Based upon a careful review of the record, this matter concerns a disciplinary charge which was initially assigned IR #219**8277**. See Doc. 9-1, Attachment B. A copy of the review of those charges by the prison's Unit Disciplinary Committee (UDC) contains a handwritten notation listing the same misconduct charges as now being IR # 219**4277**. Other submitted records indicate that initial appeals from IR # 219**4277** which were improperly filed at the institutional level instead of the regional level were rejected on September 22, 2011 and October 4, 2011. Id. at p. 29.

However, it is undisputed that Gordon eventually filed a

6

proper administrative appeal at the Regional level regarding IR # 2194277 on November 18, 2011.  See id. at p. 34.  This appeal was denied.  However, there is no indication in the submitted computerized records that a final Central Office Appeal to the BOP Office of General Counsel was filed regarding either IR # 2194277 or IR # 2198277.

The entries (#666257 R1 & #666257 A1) cited by Petitioner in his reply as establishing his compliance with the administrative exhaustion requirement clearly refer to an unrelated disciplinary charge (IR # 2177339) and therefore Gordon's reliance on those entries as demonstrating exhaustion in the present case lacks persuasion.

Based upon a review of the Respondent's undisputed computerized records submissions, Petitioner initiated this federal habeas corpus action before completing the final step (Central Office Appeal) of the BOP's administrative review procedure regarding either IR # 2194277 or IR # 2198277.[2]  There is also no indication in the record that it would have been futile for Petitioner to fully exhaust his BOP administrative remedies and none of the other exceptions outlined in Lyons

---

[2] It is apparent to the court that both IR # 2194277 and IR # 2198277 refer to the exact same misconduct charges which were issued to Petitioner on August 4, 2011.  The Court is perplexed as to why the response neglected to clear up this obvious discrepancy.

7

exist.  Gordon has also not come forth with a viable demonstration of any basis as to why he should be excused from the exhaustion requirement.

Under the circumstances presented here, Respondent has sufficiently demonstrated that Gordon's pending action is premature under the standards developed in Moscato and Ridley. See Murray v. Grondolsky 2009 WL 2044821 *2 (D.N.J. 2009)(sua sponte dismissal of § 2241 action for non-exhaustion of administrative remedies); Morgan v. Borough of Carteret, 2008 WL 4149640 *5 (D.N.J. 2008) (sua sponte dismissal for non-exhaustion of administrative remedies).  To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing prisoners to invoke the judicial process before completing administrative review.

Moreover, even if the exhaustion requirement were satisfied or excused, Petitioner's action would fail.  Based upon the reasoning set forth below, it is clear that Petitioner is not entitled to relief with respect to any challenge he is attempting to assert regarding his institutional disciplinary proceedings.

**Disciplinary Proceedings**

Respondent alternatively argues that the pending petition should be dismissed as meritless because Gordon was provided with all mandated due process protections.  This Court agrees.

Petitioner was issued an incident report on August 4, 2011 which charged him with threatening another with bodily harm (Code 203) and refusing to obey an order from any staff member (Code 307). The description of the charges included in the incident report stated that when Petitioner was given an order by CO Hoffa to pack up his property so that he could be moved to another cell, Gordon allegedly refused and stated that he would assault anyone who tried to move him. See Doc. 9-1, Attachment B, p. 15.

The United States Supreme Court in Wolff v. McDonnell, 418 U.S. 539, 563-73 (1974), held that a prisoner deprived of good time credits as a sanction for misconduct is entitled to certain due process protections in a prison disciplinary proceeding. Wolff noted that "prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply." Id. at 556. Nonetheless, the Supreme Court held that a prisoner facing a loss of good time credits is entitled to some procedural protection. Id. at 563-71.

A subsequent Supreme Court decision, Sandin v. Conner, 515 U.S. 472, 480-84 (1995), reiterated that the due process safeguards set forth in Wolff must be provided when the challenged disciplinary proceeding results in a loss of good time credits. See also Young v. Kann, 926 F.2d 1396, 1399 (3d

9

Cir. 1991) (a federal prisoner has a constitutionally protected liberty interest in good time credit); Griffin v. Spratt, 969 F.2d 16, 19 (3d Cir. 1992). As previously discussed, since Gordon asserts that he received sanctions which included a loss of good time credits which adversely affected the duration of his ongoing federal confinement, he may properly challenge the underlying disciplinary proceedings in a federal habeas corpus petition.

Wolff set forth five requirements of due process in a prison disciplinary proceeding: (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the charges; (3) an opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional safety or correctional goals; (4) assistance from an inmate representative, if the charged inmate is illiterate or if complex issues are involved; (5) a written decision by the fact finders as to the evidence relied upon and the rationale behind their disciplinary action. Id. An additional procedural requirement was set forth in Superintendent, Massachusetts Correctional Inst. at Walpole v. Hill, 472 U.S. 445, 453-56 (1985). In that case, the Supreme Court held that there must be some evidence which supports the conclusion of the disciplinary tribunal.

There is no claim by Petitioner that he requested, but was denied the opportunity to be provided with a staff representative. On the contrary, the record provides that Petitioner requested that Correctional Officer Raup serve as his staff representative. See Doc. 9-1, Attachment B, p. 11, ¶ II. This request was granted by the DHO and Correctional Officer Raup did serve in that capacity. See id. Accordingly, this due process requirement was clearly satisfied.

Second, under Wolff, it is also required that an inmate accused of a disciplinary infraction be provided with advance written notice of the charges against him. Notice must be provided twenty four (24) hours prior to the time of hearing. There is no present assertion that Gordon was not afforded with the amount of advance written notice required under Wolff. The undisputed record provides that Gordon received a copy of the misconduct charges on August 4, 2011 and the disciplinary hearing was not convened until September 20, 2011. See Doc. 9-1, Attachment B, p. 11. Thus, this prong of Wolff will also be deemed to have been satisfied.

Gordon also does not assert that he was denied the opportunity to call witnesses as contemplated under Wolff. According to the DHO's undisputed written report, Petitioner requested that a fellow prisoner, Darnell Norton, be allowed to testify. The request was granted and Inmate Norton testified

11

before the DHO. See Doc. 9-1, Attachment B, p. 12. Accordingly, this prong of Wolff will likewise be deemed satisfied.

With respect to the issue of whether Petitioner was allowed to submit documentary evidence, Gordon indicates that he appeared before the DHO, informed him that he had not committed the offense, and presented him with documentary evidence. Specifically, a copy of a reply to an administrative remedy which Plaintiff describes as conflicting with the facts alleged in the incident report. Petitioner contends that the DHO refused to view this evidence.[3] See Doc. 1, p. 2.

However, the DHO's written report clearly acknowledges that the Petitioner submitted documentary evidence in the form of an administrative remedy request and response. See Doc. 9-1, Attachment B, p. 13. Moreover, the DHO's written decision clearly states that those documents were in fact taken into consideration. The DHO noted that the documents included a written admission by Gordon that he had committed the Code 307 offense (refusing to obey an order) and also contradicted the verbal testimony given by Petitioner and his inmate witness Norton. For instance, the DHO noted that Petitioner's documentary submissions admitted that the misconduct charge was

---

[3] Gordon indicates that this purported conduct shows that the DHO was biased. However, it is noted that there are no facts alleged that the DHO had any pre-existing animosity towards the Petitioner or any other facts which could call into question the DHO's impartiality.

12

only partially fabricated and that he had in fact committed one of the two charged offenses contradicted the hearing testimony by Gordon and Norton that the entire incident report was falsified. See id. Based on the substance of the DHO's thorough written decision, it is apparent that Petitioner was permitted to submit documentary evidence and such evidence was reviewed and considered by the DHO in satisfaction of Wolff.

Wolff further directs that the factfinder in a prison disciplinary proceeding must issue a written decision describing the evidence relied upon and stating the rationale behind any decision. It is undisputed that the DHO issued a written decision as required. There is no claim by Gordon that the decision failed to describe the evidence relief upon or was otherwise deficient. Moreover, a copy of said decision has been submitted for consideration by the Court. See Doc. 9-1, Attachment B. A review of the four page typewritten DHO decision shows that it provided Petitioner with a clear explanation as to the evidence relied upon and the rationale behind the finding of guilt rendered by the DHO. This Wolff due process mandate will also be deemed satisfied.

Finally, a federal court has no duty to independently weigh the evidence, but only to see that there was some evidence or basis in fact to support the finding of guilt. Hensley v. Wilson, 850 F.2d 264 (6th Cir. 1988). Moreover, there is no

13

requirement that the evidence presented to the DHO rule out all other possibilities. As discussed above, the documentary evidence submitted by Petitioner himself included a written admission that he was guilty of the threatening charge. Moreover, Gordon's documentary evidence contradicted the verbal testimony given by himself and Inmate Norton that the disciplinary charges were completely fabricated. Specifically, Petitioner's written administrative request asserts that Hoffa "wrote a partly false incident report" and that "I did disobey a direct order from an officer I refused to move that's all I am guilty of." Doc. 9-1. Attachment B, p. 21. Those statements are clearly contrary to the hearing testimony by Gordon and Norton that the entire incident report was falsified.

The findings in a disciplinary hearing are not arbitrary or capricious if there exists a basis in fact to support a disciplinary hearing officer's findings. Edwards v. White, 501 F. Supp. 8 (M.D. Pa. 1979). Based upon the Petitioner's own admission that he committed one of the two charged offenses and the eyewitness written account of the incident by CO Hoffa and the contradictory evidence presented by Petitioner and his inmate witness there was a sufficient basis underlying the findings reached by the DHO.

The petition simply does not assert that this is the type of a case where the record was so devoid of evidence that the

14

findings by the DHO were without support or otherwise arbitrary. Based upon even the most liberal construction of Gordon's pro se petition there is simply no basis for a claim that the DHO's decision was not adequately supported.

**Conclusion**

There is no discernible claim set forth by Gordon that he was not provided with any of the Wolff procedural safeguards. Second, Petitioner has failed to provide any facts which would establish that the DHO's decision did not meet the evidentiary requirements of Hill, § 541.17(f), or was otherwise arbitrary or capricious. See Edwards, 501 F. Supp. at 8. The petition for writ of habeas corpus will be denied. An appropriate Order will enter.

                                S/Richard P. Conaboy
                                RICHARD P. CONABOY
                                United States District Judge

DATED: MAY 8, 2013